AMERICAN PACKAGE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101266. Promulgated April 16, 1941.

*J. G. Korner, Jr., Esq.*, for the petitioner.
*Lloyd W. Creason, Esq.*, for the respondent.

183

OPINION.

SMITH: In its income tax return for 1937 the petitioner reported normal tax in the amount of $2,540.03. The respondent has determined the normal tax to be in the amount of $2,534.16. The petitioner did not report any undistributed net income. The respondent determined that it had an undistributed net income of $6,097.27. The petitioner contends that it had no undistributed net income for the reason that it was paid out to certain of the subsidiary companies which had advanced it money to enable it to pay necessary expenses. In its petition the petitioner alleges in part:

(j) At and after the time of its creation and organization American Package Corporation (the petitioner) contracted debts for various expenses, including charter fees, legal and accounting services, technical services, travel expenses, office supplies, and other similar items, the amount of which was not determined or determinable until after December 31, 1936. Soon after January 1, 1937, these amounts were definitely ascertained and the petitioner discharged them with money borrowed for that purpose. The amount of these items was $7,169.40. All this occurred long prior to August 26, 1937.

This allegation of the petitioner has been denied by the respondent in his answer. It is not clear from the record whether the expenses which are claimed to have accrued in 1937 accrued in that year or not. Nor is it clear that the amounts would be legal deductions of 1937 even if accrued in that year. At least a part of the expenses related to the costs of organizing the petitioner corporation and they may have represented, not ordinary and necessary expenses of carrying on a trade or business, but capital expenditures. It is significant that the petitioner in its tax return for 1937 did not claim the amounts as deductible expenses of 1937.

There is no difference between the petitioner and the respondent as to the dividends paid credit for 1937. Both parties are in agreement that the dividends paid in 1937 amounted to $141,519 and that the petitioner is entitled to a dividend carry-over from 1936 of $1,995.86, making the dividends paid credit for 1937 $143,514.86. The respondent

determined that the petitioner had an undistributed net income for 1937 of $6,097.27 and there is no evidence to show that his computation is in error.

The second question for consideration is whether the petitioner is a personal holding company within the meaning of section 352 of the Revenue Act of 1936, added by the Revenue Act of 1937. That section carries its own definition of a personal holding company for purposes of the tax imposed by section 351. It is as follows:

SEC. 352. DEFINITION OF PERSONAL HOLDING COMPANY.

(a) GENERAL RULE.—For the purposes of this title and of Title 1 the term "personal holding company" means any corporation if—

(1) GROSS INCOME REQUIREMENT.—At least 80 per centum of its gross income for the taxable year is personal holding company income as defined in section 353; * * *

(2) STOCK OWNERSHIP REQUIREMENT.—At any time during the last half of the taxable year more than 50 per centum in value of its outstanding stock is owned, directly or indirectly, by or for not more than five individuals.

The term "personal holding company income" used in section 352 (a) (1), above, is defined in section 353 (a) of the Revenue Act of 1936, added by the Revenue Act of 1937, as follows:

For the purpose of this title the term "personal holding company income" means the portion of the gross income which consists of:

(a) Dividends, interest, royalties (other than mineral, oil, or gas royalties), annuities.

In the instant proceeding 100 percent of the petitioner's gross income for the taxable year 1937 was for dividends. Thus, the gross income requirement is met.

It has been stipulated that:

* * * more than 50 percent in value of petitioner's outstanding stock is owned by or for not more than five individuals within the meaning of section 351 (b) (1) of the Revenue Act of 1936 as amended by the Revenue Act of 1937.

Section 354 (a) (2) of the Revenue Act of 1936, added by the Revenue Act of 1937, provides in material part as follows:

SEC. 354. STOCK OWNERSHIP.

(a) CONSTRUCTIVE OWNERSHIP.—For the purpose of determining whether a corporation is a personal holding company, insofar as such determination is based on stock ownership under section 352 (a) (2), section 353 (e), or section 353 (f)—

* * * * * * *

(2) FAMILY AND PARTNERSHIP OWNERSHIP.—An individual shall be considered as owning the stock owned, directly or indirectly, by or for his family or by or for his partner. For the purposes of this paragraph the family of an individual includes only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants.

In view of the stipulation of the parties, it must be held that the second contention contained in the definition is likewise met in this case.

The petitioner does not deny that technically it comes within the definition of a personal holding company as defined above. It contends, however, that it does not come within the intendment of the statute. It argues that the law was aimed at purely holding companies and not operating companies, which it claims to be. It submits that it has been subjected to capital stock tax upon the ground that it was an operating company. We are asked to disregard the corporate entities of the subsidiaries and consider them as merely branches or departments of petitioner's organization, although the subsidiary companies have made returns not as mere branches of the petitioner but as separate operating corporations.

The facts are that the petitioner was organized in the manner in which it was organized for the purpose of constituting a reorganization within the meaning of the Revenue Act of 1934. In order to come within the provisions of the Revenue Act of 1934 the petitioner issued its shares of stock for the shares of stock of the four subsidiaries. While postponing tax liability in the reorganization in 1936, the petitioner finds itself within the ambit of the holding company provisions of the Revenue Act of 1936, as amended.

The petitioner's contention, that Congress in the enactment of the Revenue Act of 1936 and 1937 did not intend to include as personal holding companies a company such as the petitioner, is sufficiently answered by the opinions of the Board in *O'Sullivan Rubber Co.*, 42 B. T. A. 721, and *Olean Times Publishing Co.*, 42 B. T. A. 1277. Cf. *Noteman* v. *Welch* (C. C. A., 1st Cir.), affirming 26 Fed. Supp. 437; *Seaboard Small Loan Corporation*, 42 B. T. A. 715.

In our opinion the petitioner is a personal holding company within the meaning of the Revenue Act of 1936, as amended, and we discover no error in the determination of tax liabilities by the respondent.

*Decision will be entered for the respondent.*